# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., | ) ) ) |
| Plaintiff, | ) ) ) Case No. CIV-21-0671-F |
| -vs- | ) ) |
| JEFFREY L. LOWE, | ) ) |
| Defendant. | |

## ORDER

This order addresses Jeffrey L. Lowe's failure to comply with the court's order of July 14, 2021. The July 14, 2021, order granted Mr. Card's motion to withdraw from his representation of Lowe. The order directed Lowe to engage replacement counsel, with such counsel to file an entry of appearance within fourteen days of the date of that order; alternatively, the order directed Lowe to file a pro se entry of appearance within fourteen days of the date of that order. The July 14, 2021, order advised that "Failure to comply may result in motions or claims being adjudicated against Mr. Lowe." Doc. no. 459, p. 1.

The July 14, 2021, order permitted Mr. Card to withdraw from his representation of Lowe "subject to the condition that papers may continue to be served upon Mr. Card for forwarding to Mr. Lowe, until such time as Mr. Lowe appears by other counsel or appears pro se." *Id*.

Mr. Card received notice of the July 14 order through the electronic case filing system and promptly forwarded the order to Lowe. On August 4, 2021, Mr. Card filed a notice (entitled "proof of service") stating that on July 15, 2021, he mailed the court's July 14 order to Lowe by regular mail as well as by certified mail. Doc.

no. 465.  Documents attached to Mr. Card's notice include a United States Postal Service tracking document.  Doc. no. 465-2.[1]  They also include a certified mail receipt which shows Mr. Card sent certified mail to Lowe on July 15, 2021.  Doc. no. 465-1.[2]  In addition, Mr. Card has filed an affidavit stating that on September 16, 2021, he personally served a copy of the court's July 14, 2021, order on Lowe.  Doc. no. 466 (entitled "second proof of service").

The fourteen-day deadline set in the July 14 order expired on July 28, 2021.  The record shows that Mr. Card has fulfilled his responsibility to forward that order to Lowe and that Lowe has received actual notice of that order.  Nevertheless, the court has not heard from Lowe with respect to the court's requirement that either new counsel, or Lowe proceeding pro se, enter an appearance by July 28, 2021, a deadline which passed months ago.  Lowe has not complied with the court's order, he has not moved for an extension of time within which to do so, and he has offered no reasons for his non-compliance or otherwise communicated with the court.

Rule 16(f)(1)(C), Fed. R. Civ. P., provides that the court, on its own motion, may issue any just order if a party fails to obey a scheduling or other pretrial order, which is the situation here.  Failure to comply with a court's order requiring an entry of appearance is a serious matter as it thwarts the court's ability to proceed with the case and do justice.

In <u>Derma Pen, LLC v. 4EverYoung Limited</u>, 736 Fed. Appx. 741 (10th Cir. 2018), the court reviewed the standards for determining whether default judgment

---

[1] The United States Postal Service tracking document refers to delivery of "your item" to "an individual" in Thackerville, OK, on July 19, 2021, at 3:05 p.m.  Doc. no. 465-2.

[2] The documents filed by Mr. Card do not include a green card signed by the recipient of the certified mail in question,  Mr. Card has reported to the court that he has not yet received a signed green card.

may be entered against a defendant who fails to obtain new counsel or enter an appearance pro se, when ordered to do so by the court.

> Rule[] 16(f) … of the Federal Rules of Civil Procedure permit[s] a court to enter a default judgment when a party disobeys a court order. We review a district court's entry of default judgment as a sanction for abuse of discretion. M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872 (10th Cir. 1987).
>
> Since a default judgment, like dismissal, "represents an extreme sanction," it is "appropriate only in cases of willful misconduct." *See,* Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992); In re Rains, 946 F.2d 731, 733 (10th Cir. 1991). A "willful failure" is "any intentional failure as distinguished from involuntary noncompliance." M.E.N. Co., 834 F.2d at 872–73. But "[n]o wrongful intent need be shown." *Id.*
>
> In addition, before imposing a default judgment as a sanction, "a court should ordinarily consider a number of factors," including: (1) "the degree of actual prejudice to the defendant;" (2) "the amount of interference with the judicial process;" (3) "the culpability of the litigant;" (4) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance;" and (5) "the efficacy of lesser sanctions." *See,* Ehrenhaus, 965 F.2d at 921. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal [or default judgment] an appropriate sanction." *Id.* (quoting Meade v. Grubbs, 841 F.2d 1512, 1520 n.7 (10th Cir. 1988) ). While the district court "should ordinarily evaluate these factors on the record," these "factors do not constitute a rigid test." *Id.*

736 F. App'x 741, 745–46.

As set out below, these factors weigh heavily in favor of imposing default judgment on Lowe.

1. Although there will obviously be some prejudice to Lowe as a result of the court entering default judgment, it is a result he is aware of and has made no effort to abate.

2. Lowe's failure to comply with the court's order causes substantial interference in the judicial process.

3. Lowe has offered no explanation for his failure to comply with the court's order. He has made no effort to excuse or mitigate his non-compliance. This is so despite notice to him of the potential consequences of his failure. Lowe's failure to comply with the court's order of July 14, 2021, is willful and he is culpable with respect to this failure.

4. The court warned Lowe, in advance, that failure to comply with the court's order may result in motions or claims being adjudicated against Lowe.

5. The court knows of no lesser sanction which could address Lowe's failure to comply with the court's order. A defendant whose attorney is permitted to withdraw cannot stall the claims against him by refusing to comply with the court's directive to either obtain replacement counsel or enter an appearance pro se.

The court is considering entering a default judgment against Lowe under Rule 16(f), Fed. R. Civ. P., on the claim for relief which most clearly remains in dispute, specifically, PETA's claim that it is entitled to a declaration that Lowe's past acts with respect to the lions identified as Amelia, Leo, Nala and Kahari violated the Endangered Species Act and its implementing regulations.

It appears the other relief sought by PETA may either be moot (because the lions have been moved to a sanctuary) or is purely hypothetical. (For example, if PETA were to argue Lowe could, in the future, reassert title or his right to possess these animals, that assertion might be hypothetical.) Accordingly, when the court enters default judgment against Lowe on the claim for declaratory relief described above, it is considering dismissing, without prejudice, all other claims alleged against Lowe in this action.

A hearing for the purpose of considering a default judgment along these lines is **SET** on November 29, 2021, at 1:30 p.m.

Per his continuing obligation to do so, Mr. Card is **DIRECTED** to promptly forward this order to Lowe and to file a certificate of service.

IT IS SO ORDERED this 27th day of September, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0671p006.docx