# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) )  Case No. CIV-21-0671-F |
| JEFFREY L. LOWE, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the court is Plaintiff's Motion for Reasonable Attorneys' Fees and Expenses (doc. no. 485). The motion is unopposed.[1]

Plaintiff, People for the Ethical Treatment of Animals, Inc. (PETA), requests an award of $183,557.90 in attorneys' fees and expenses under the Endangered Species Act, 16 U.S.C. § 1531, *et seq.* Specifically, PETA requests $175,109.85 in attorneys' fees and $8,448.05 in expert costs.

The Endangered Species Act authorizes the district court to "award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." 16 U.S.C. § 1540(g)(4). An award is "appropriate" when the plaintiff has achieved "some success on the merits" of its claims. *See*, Forest Guardians v. United States Forest Service, No. CV 00-490 JP/RHS-ACE, No. CV 00-1240 JP/RHS-ACE, 2003 WL 27385244, at *3, (D.N.M. 2003) (citing Ruckelshaus v. Sierra Club, 463 U.S. 680, 693 (1983)). There is no question that PETA achieved some success on the merits. Indeed, the

---

[1] On July 14, 2021, the court ordered defendant Jeffrey Lowe to obtain counsel or file a pro se entry of appearance within 14 days. Lowe has never complied with the court's order. Doc. no. 459.

court expressly found that PETA had "established, as a matter of fact and as a matter of law, that it is entitled to substantial relief against Mr. Lowe under the Endangered Species Act."  Doc. no. 483, ECF p. 15.

The request for attorneys' fees is supported by the contemporaneous time records of PETA's counsel, along with declarations of PETA's counsel.  The request for fees paid to PETA's experts is also supported by documentation.

Upon independent review, the court concludes the hourly rates of counsel are compatible with those charged by private attorneys in the Oklahoma City area with comparable experience, skill, and expertise and that the hours expended by counsel in the litigation are properly supported and are reasonable.  Applying the lodestar method, the court concludes that PETA is entitled to recover an award of $175,109.85 in reasonable attorneys' fees.  The court also finds that the expert costs sought by PETA are also properly supported and are reasonable.  The court concludes that PETA is entitled to recover an award of $8,448.05 in expert costs.  In total, the court concludes that PETA is entitled to recover an award of $183,557.90 in attorneys' fees and expenses under the Endangered Species Act, 16 U.S.C. § 1540(g)(4).

Accordingly, Plaintiff's Motion for Reasonable Attorneys' Fees and Expenses (doc. no. 485) is **GRANTED**.  Plaintiff is awarded $183,557.90 in reasonable attorneys' fees and expenses under the Endangered Species Act, 16 U.S.C. § 1540(g)(4).

IT IS SO ORDERED this 18th day of April, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0671p0010.docx